# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

|  |  |
|---|---|
| United States of America, | No. 26-cr-25 (LMP/DLM) |
| Plaintiff, | |
| v. | **PRETRIAL SCHEDULING AND LITIGATION MANAGEMENT ORDER IN A CRIMINAL CASE** |
| Nekima Levy Armstrong (1), Chauntyll Louisa Allen (2), William Scott Kelly (3), Done Renaldo Lemon (4), Jerome Deangelo Richardson (5), Jamael Lydell Lundy (6), Trahern Jeen Crews (7), Georgia Ellyse Fort (8), Ian Davis Austin (9), Aziza Mohammed Aboud (10), Max Richard Adamson (11), Michael Walker Beute (12), Ezra Chaim Pye Blumenfeld (13), Shane Ryan Bollman (14), Kelly Ann Carey (15), Monique Cassandra Cullars-Doty (16), Tiffany Lynn Dunlap (17), Andrew Jared Edwards (18), Rachel Rose Goligoski (19), Amelia Cristin Hansa (20), Ariel Hauptman (21), Krista Erin Hogan (22), Heather Danae Lewis (23), Danielle Andrea Matthias (24), Catie Anne Michaelson (25), Eric Ryan Michaelson (26), David Anthony Okar (27), Jarmel James Perry (28), Cheryl Ann Persigehl (29), Emmar Monike Pineda-Moreno (30), Spencer Michael Rodriguez-Bocanegra (31), Katherine Elizabeth Shaw (32), Satara Diann Strong Allen (33), Charles Lee Swenson (34), Robyn Elise Swenson (35), Thomas Matthew Tier (36), Lee Elizabeth Wiedeman Tuggle (37), John Donald Vergin (38), Mark David Weinfurter (39), | |
| Defendants. | |

1

On February 17, 2026, the government moved to designate this case as complex under the Speedy Trial Act. (Doc. 131.) At the time the government moved to designate the case complex, there were nine Defendants charged. (Doc. 39.) Although the government's motion alluded to potential additional defendants, none had been added at the time of the government's filing. The Court therefore granted in part and denied in part the government's motion. (Doc. 140.) The Court agreed that the case may have complexities but balanced those against the fact that there were only a handful of Defendants. (*Id.* at 4.) As for discovery, the Court accepted the government's representation that it was likely to be voluminous. As a result, the Court granted a 30-day extension for government disclosures, such that they are now due no later than March 26, 2026.

Three days after the Court's Order, a superseding indictment was issued. (Doc. 144.) The superseding indictment did not substantively change the scope of the charged offense conduct, but it did include 30 additional Defendants, for a total of 39 Defendants. The Court therefore finds this case is now complex within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii). As a result, the Court will amend the Pretrial Scheduling Order in the following ways.

1.  The disclosure deadlines outlined in the Court's Pretrial Scheduling Order (Doc. 140) shall remain unchanged.

2.  As for the remaining deadlines outlined in that Order, the parties shall meet and confer in order to determine appropriate pretrial deadlines going forward and shall submit a joint status report with all parties' positions on a proposed

2

schedule no later than **April 10, 2026**, after which the Court will decide the pretrial schedule. To be clear, the government's obligation is to meet with each individual Defendant's counsel, unless a Defendant delegates the authority to meet and confer to a co-Defendant. The parties are encouraged, however, to streamline matters as much as practicable and consistent with the Speedy Trial Act. The Court anticipates entering a revised schedule on or about **April 13, 2026.**

3.     Pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court finds that the ends of justice served by the granting of such continuance outweigh the best interest of the public and Defendants in a speedy trial.  This finding is based on all of the files and proceedings herein, including the facts set forth above. **Accordingly, the period of time from today's date to April 13, 2026, shall be excluded from the Speedy Trial Act computations in this case.**

DATED: March 18, 2026                    s/Douglas L. Micko
                                         DOUGLAS L. MICKO
                                         United States Magistrate Judge

3